By the Court :
The verdict in this case is a substantial finding for the plaintiff. The issue was between the plaintiff and Alexander McConnel, and upon that issue alone the jury could decide. There is no difficulty in understanding how John McConnel was connected with the case, and it is perfectly easy to see how it happened that his name was included in the verdict. It was a mere formal error. When the clerk receives the verdict, it is always upon the terms, that the court may correct matter of form, not touching matter of substance.
The verdict against a party to the contract, but not a party to the suit, was an informality and nothing more. It was the duty of the clerk to record the verdict according to the parties at issue, and to have entered the judgment in the same way.
*28 Had the mistake in the verdict been discovered as soon as the jury left the box, can there be any doubt but that the court would have corrected it, and directed a judgment conformable to such correction ? We think there can be none. As a mere clerical error, it is still amendable. Leave is accordingly given to make the amendment. This decision concludes the other two motions; they must of course be overruled.†

NoTE by the Editor. — Amendments of verdicts and judgments. See also iii. 486; v. 227, 514; vi. 274; i. 375; ii. 246; viii. 405; ix. 131.